UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIFFANY JONES,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

    Defendant.

_____/

## COMPLAINT WITH REQUEST FOR JURY TRIAL

Plaintiff, Tiffany Jones, formerly known as Tiffany Smith, through undersigned counsel, hereby brings this action against United Collection Bureau, Inc., and alleges as follows:

### INTRODUCTION

1. Plaintiff alleges that Defendant unlawfully retaliated against her--by firing her--and interfered with her legal rights, in violation of the Family Medical Leave Act, while she had a serious medical condition that caused her to lose a child.

### JURISDICTION AND VENUE

2. At all times relevant herein, Defendant has systematically transacted business in the Southern District of Florida, specifically at 9078 State Road 84, Fort Lauderdale, Florida 33324. Therefore, the Court has personal jurisdiction over Defendant.

3. Most of the acts complained of herein occurred at Defendant's offices at the above address. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FMLA.

### PARTIES

5. Plaintiff, **Tiffany Jones**, is a person of the full age of majority and a resident of Miami-Dade County, Florida. Specifically, she resides at 12693 N.W. 18 Ave., Miami, Florida 33143.

6. Defendant, **United Collection Bureau, Inc.**, is a foreign profit corporation based located at 9078 State Road 84, Fort Lauderdale, Florida 33324, authorized to do business in Florida, and at all material times herein has conducted business in Broward County, Florida, at the above-stated address.

7. Defendant's corporate headquarters is 5620 Southwyck Blvd., Toledo, Ohio 43614.

8. At all material times herein, Defendant owned and operated the business in which Plaintiff worked.

9. At all relevant times herein, Defendant was Plaintiff's employer under the FMLA because Defendant controlled and directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment.

## FACTS

10. Ms. Jones began her employment with Defendant in 2013 or 2014, performing debt collection work for Citibank credit cards.

11. She was paid $11 per hour at first. The rate was later raised to $12 per hour.

12. In late April 2019, she learned that she was pregnant after she missed a period, was feeling sick, and went to the Memorial West Hospital, at or near Flamingo Road and Sheridan Street in Broward County.

13. She did not stay overnight in the hospital. Rather, she was discharged from the hospital and promptly returned to work.

14. In late April or early May 2019, she told a supervisor with Defendant that she was pregnant.

15. In early May 2019, she began to experience nausea and vomiting and went back to Memorial West. Dr. Abdalla concluded, via ultrasound, that she was pregnant with twins, and concluded that her medical condition was too severe for her to return to work.

16. Plaintiff promptly told her supervisor and applied online, via email, for FMLA leave.

17. On May 6, 2019, Dr. Chad Li__ (spelling unclear) with Memorial West, wrote a "Work/School/Physical Education Excuse" which stated that Ms. Jones "[s]hould not return to work/school until 5/10/2019."

18. Ms. Jones promptly gave that note to her supervisor. He told her to go home.

19. Plaintiff suffered from a serious health condition, specifically a severe form of nausea and vomiting called hyperemesis gravidarum.

20. A medical doctor diagnosed this serious, pregnancy-related medical condition.

21. This condition is far more serious than morning sickness and may result in weight loss and may endanger the baby.

22. Ms. Jones promptly advised Defendant that she had this serious health condition with severe nausea and vomiting.

23. On or about May 28, 2019, Ms. Jones attended a medical appointment with Dr. Emil Abdalla, of All Women's Healthcare of Sawgrass. Dr. Abdalla wrote a note which stated that Ms. Jones was under his obstetrical care, had been seen in his office on that date, and "[d]ue to ongoing pregnancy illness Patient [is] unable to return to work until further notice."

24. Ms. Jones promptly provided the above-described doctor's note to her supervisor with Defendant.

25. In May and June of 2019, she was hospitalized at various times, or continuously, at Memorial West because of these medical complications.

26. Every one to two days, she contacted Defendant and updated Defendant about her serious health condition.

27. In early June 2019, she lost one of the twins.

28. On June 24, 2019, A. Dobson, the Clinical Nurse Manager at Memorial Hospital West, wrote a "Verification of Hospitalization" for Ms. Jones which stated that she had been admitted on June 15, 2019 and was discharged on June 24, 2019.

29. She was discharged by Defendant on June 24, 2019.

30. Defendant fired her while she was in the hospital.

31. Defendant unlawfully interfered with her FMLA rights, and unlawfully discriminated/ retaliated against her by firing her, by taking the above and related actions which will be shown at trial.

## COUNT 1 OF 2:
## UNLAWFUL INTERFERENCE IN VIOLATION OF
## THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq.*;
## TIFFANY JONES VERSUS UNITED COLLECTION BUREAU, INC.

32. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-31 as if fully set forth herein.

33. The FMLA, 29 U.S.C. § 2601 *et seq.*, entitles eligible employees of covered employers to take up to unpaid, job-protected leave for specified family and medical reasons.

34. Eligible employees may take up to 12 workweeks in a 12-month period for a serious health condition that makes the employee unable to perform the essential functions of her job.

35. Upon return from FMLA leave, an employee must be restored to her original job, or to an equivalent job with equivalent pay, benefits, and other terms and conditions of employment.

36. At all relevant times, Defendant was a covered employer under 29 U.S.C. § 2611(4)

37. because it employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

37. At all relevant times, Plaintiff was an eligible employee under 29 U.S.C. § 2611(2) because she worked for a covered employer, worked for the employer for at least 12 months, had at least 1,250 hours of service during the 12-month period immediately preceding the leave period, and worked at a location where the employer had a least 50 employees within 75 miles.

38. While employed by Defendant, Plaintiff invoked her rights under the FMLA, apprising Defendant as soon as practicable of a "serious health condition" as defined by 29 U.S.C. § 2611(11), because it required continuing treatment by a health care provider. She was entitled to FMLA leave in order to care for herself with the serious health condition.

39. Rather than lawfully allowing her request for FMLA leave to be processed, Defendant violated the FMLA by interfering with her FMLA rights, disregarding its dictates, in violation of 29 U.S.C. § 2615(a)(1) (unlawful interference).

40. WHEREFORE, Plaintiff prays that, after due proceedings, judgment be entered in her favor and against Defendant for all damages in the premises, including, but not limited to, damages for all lost wages, job benefits, front pay, back pay, liquidated damages, interest, costs, and attorney's fees.

### COUNT 2 OF 2:
### UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOALTION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq.*; TIFFANY JONES VERSUS UNITED COLLECTION BUREAU, INC.

41. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-31 as if fully set forth herein.

42. The FMLA, 29 U.S.C. § 2601 *et seq.*, entitles eligible employees of covered employers to take up to unpaid, job-protected leave for specified family and medical reasons.

43. Eligible employees may take up to 12 workweeks in a 12-month period for a serious health condition that makes the employee unable to perform the essential functions of her job.

44. Upon return from FMLA leave, an employee must be restored to her original job, or to an equivalent job with equivalent pay, benefits, and other terms and conditions of employment.

45. At all relevant times, Defendant was a covered employer under 29 U.S.C. § 2611(4) because it employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

46. At all relevant times, Plaintiff was an eligible employee under 29 U.S.C. § 2611(2) because she worked for a covered employer, worked for the employer for at least 12 months, had at least 1,250 hours of service during the 12-month period immediately preceding the leave period, and worked at a location where the employer had a least 50 employees within 75 miles.

47. While employed by Defendant, Plaintiff invoked her rights under the FMLA, apprising Defendant as soon as practicable of a "serious health condition" as defined by 29 U.S.C. § 2611(11), because it required continuing treatment by a health care provider. She was entitled to FMLA leave in order to care for herself with the serious health condition.

48. Rather than lawfully allowing her request for FMLA leave to be processed, Defendant violated the FMLA by discriminating and retaliating against her, in violation of 29 U.S.C. § 2611(c) (discrimination and retaliation).

49. WHEREFORE, Plaintiff prays that, after due proceedings, judgment be entered in her favor and against Defendant for all damages in the premises, including, but not limited to, damages for all lost wages, job benefits, front pay, back pay, liquidated damages, interest, costs, and attorney's fees.

\* \* \*

50. Plaintiff demands demand a jury trial for all issues so triable.

\* \* \*

51. WHEREFORE, Plaintiff, Tiffany Jones, prays that judgment be rendered in her favor, and against Defendant United Collection Bureau, Inc., for all damages in the premises, including, but not limited to, all damages set forth in each Count above.

Respectfully submitted:

s/ Steven F. Grover
---------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
101 N. Riverside Dr.
Suite 203
Pompano Beach FL 33062
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com